IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIEGO IVAN GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DUSTIN W. KEFFER, et al.,<br><br>    Defendants. | Case No. 26-2015-DDC-ADM |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**
**AND**
**REPORT AND RECOMMENDATION OF DISMISSAL**

On January 12, 2026, pro se plaintiff Diego Ivan Garcia ("Garcia") filed this case purporting to assert a personal injury/medical malpractice claim against defendants Dr. Dustin W. Keffer and Advent Health Shawnee Mission Hospital. (ECF 1.) At the same time, he moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 4.) As discussed in further detail below, the court grants Garcia leave to proceed IFP, but recommends that the district judge dismiss his complaint for lack of subject matter jurisdiction.

**I.    GARCIA MAY PROCEED IFP**

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefore, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefore." Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The court has carefully reviewed the financial affidavit Garcia provided in support of his motion (ECF 4-1), and

the court finds that Garcia is unable to pay the filing fee required to commence this civil action. The court therefore waives the filing fee and grants Garcia leave to proceed IFP.

## II.     THE COURT RECOMMENDS DISMISSING GARCIA'S COMPLAINT

### A.     Legal Standards

When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[F]ederal courts are courts of limited subject-matter jurisdiction," and they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted). To proceed in federal court, a plaintiff has the burden to establish subject-matter jurisdiction, which is ordinarily accomplished through diversity jurisdiction under 28 U.S.C. § 1332 or federal-question jurisdiction under 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Federal-question jurisdiction exists where claims arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Although the court liberally construes a pro se plaintiff's pleadings, it does

not assume the role of his advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *McCoy v. Kansas*, No. 16-2129-JAR, 2016 WL 3549100, at *2 (D. Kan. June 30, 2016) (citations omitted*); see also Tatten v. City & Cty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018).

B.  Analysis

In screening Garcia's form complaint, the court finds it does not clearly establish this court's subject-matter jurisdiction. Garcia did not provide any information or check any boxes on the form complaint to allege that this court has subject matter jurisdiction over his lawsuit. To the contrary, Garcia alleges that he is "a citizen of the State of Kansas" and that the first-named defendant and second-named defendant are each "a citizen of the State of Kansas; or a corporation incorporated under the laws of the state of Kansas." (ECF 1, at 2.) That means that all parties are alleged to be Kansas citizens. *Grynberg v. Kinder Morgan Energy Partners, L.P.,* 805 F.3d 901, 905 (10th Cir. 2015) (observing that "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located") (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). As a result, Garcia cannot show complete diversity between the parties as required to establish diversity jurisdiction. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state . . . .").

Nor does Garcia allege federal question jurisdiction. He did not check the box on the form complaint that this court has jurisdiction over this case under the U.S. Constitution or a federal statute such as 28 U.S.C. § 1331 or 28 U.S.C. § 1343. Nor did he cite any other statute that may give rise to federal jurisdiction over his claims. (*See* ECF 1, at 3.) To the contrary, the only grounds identified in the complaint are KAN. STAT. ANN. §§ 65-4901 and 60-513. (*Id.*) These are

Kansas statutes, not federal statutes. Accordingly, Garcia has not alleged any basis for federal question jurisdiction.

### C. Conclusion

For the reasons explained above, the court recommends that the district judge dismiss this case because Garcia's complaint does not allege a basis for the court's subject matter jurisdiction.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), Garcia may file written objections to this report and recommendation within fourteen days after being served with a copy. If Garcia fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE ORDERED** that Garcia's Motion for Leave to Proceed IFP (ECF 4) is granted.

**IT IS FURTHER RECOMMENDED** that Garcia's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order and Report and Recommendation to Garcia via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated February 12, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
